UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT J. PERLOW,

               Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

10-cv-1661 (SLT)

**TOWNES, United States District Judge:**

On April 14, 2010, Plaintiff Robert J. Perlow, filed a complaint against the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g) and § 1383(c) challenging the Commissioner's final determination which denied Plaintiff's application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI"). On May 20, 2010, Plaintiff died intestate. Plaintiff's wife, Dorothy K. Perlow, now moves to substitute herself as Plaintiff in this action pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, this motion is denied with leave to renew.

## BACKGROUND

In April 2010, Plaintiff sought judicial review of the final determination of the Commissioner which denied his application for SSDI and SSI. Plaintiff died intestate before the case could be decided. (*See* Docket No. 9 Ex. B). On August 23, 2010, Plaintiff's widow, Dorothy K. Perlow, made a motion to substitute herself as Plaintiff in this action pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. (Docket No. 9). She alleges that she is the decedent's wife and that she resided with him at the time of his death. (*Id.*). She also asserts that she was the substitute party in the hearing held for her husband's second claim for disability

and was awarded benefits by the Social Security Administration on July 23, 2010. (*Id.*)

Defendant does not oppose this motion. (Docket No. 10 at 1).

## DISCUSSION

Under the Federal Rules of Civil Procedure, three conditions must be satisfied before a party can be substituted. Fed. R. Civ. P. 25(a)(1). First, the claim must survive the plaintiff's death; second, the individual seeking to be substituted must be a "proper party"; and third, the motion for substitution must be made "within 90 days after service of a statement noting the death." *Id.*

I. <u>Survival of the Claim</u>

A party can be substituted only when the plaintiff's claim has "not been extinguished." Fed. R. C. P. 25(a)(1). As this is a federal claim, the Court first determines whether the statute contains a "specific directive" as to whether the claim survives Plaintiff's death. *Hardy v. Kaszycki & Sons Contractors*, 842 F. Supp. 713, 718 (S.D.N.Y. 1993). The Social Security Act expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments. 42 U.S.C. § 404(d)1)(i). Plaintiff's claim, therefore, survives his death. *See Divone v. Secretary of Dep't of Health & Human Services,* No. CV-84-4950, 1989 WL 12643, at *2 (E.D.N.Y. Feb. 6, 1989) (noting that the correct inquiry is whether the right to reimbursement survives).

II. <u>Timeliness of Motion</u>

The second condition for substitution is that the motion must be timely. The Federal Rules of Civil Procedure provide that the motion for substitution must be made within 90 days of "service of a statement noting the death." Fed. R. C. P. 25(a)(1). The statement of death must be formally served on the "involved parties" to trigger the running of the ninety days. *Unicorn*

*Tales v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998). Nevertheless, in cases where a party's death is first mentioned in a motion for substitution, courts have construed this motion also to be a notice of death. *See, e.g., United States v. Arena*, 2007 WL 2907492, at *2 (E.D.N.Y. Aug. 24, 2007). Here, since the death certificate (Docket No. 9 Ex. B) and the motion for substitution were contemporaneously filed, the motion is timely.

### III. Proper Party for Substitution

A "proper party" for substitution is either a "representative of the deceased party's estate" or a "successor of the deceased party." *Garcia v. City of New York*, No. CV 08-2152, 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009) (citations and internal quotation marks omitted). A "representative" is "a person who has received letters to administer the estate of the decedent, usually the appointed administrator or executor of the decedent's estate." *Id.* (citations omitted). A "successor" is a distributee of the decedent's estate where the estate has been distributed, without being filed for probate, at the time the motion for substitution is made. *Id.* (citations omitted).

When a party seeking to be substituted fails to establish that he is either a "representative" or a "successor," courts generally reserve judgment on whether this party is proper for substitution. For example, in *Garcia,* the court denied the plaintiff's counsel's motion for substitution with leave to renew because the party seeking to be substituted failed to demonstrate that she was appointed representative of the plaintiff's estate or that she was a distributee and the estate had been distributed. *Garcia,* 2009 WL 261365 at *1. Similarly, in *Gronowicz v. Leonard,* 109 F.R.D. 624, 626 (S.D.N.Y. 1986), the court reserved judgment on whether the plaintiff's widow, who was named as the sole heir in his will, was a proper party since she was not appointed executrix of the estate and had not indicated that the estate had been

3

distributed. In contrast, when a plaintiff dies destitute, and his widow is not appointed the representative of his estate, the estate need not be distributed before his widow can serve as his substitute, as there is nothing to distribute. *See Divone,* 1989 WL 12643, at *1.

Accordingly, Mrs. Perlow has not demonstrated that she is a proper party to be substituted at this point. Although she was married to Plaintiff at the time of his death, and she is the primary distributee under NY E.P.T.L. § 4-4.1, she has given no indication that she has been appointed as the representative of Plaintiff's estate, that the estate has been distributed, or that her husband died destitute. Nevertheless, because the death certificate was filed on August 23, 2010, Mrs. Perlow is still within the 90 day time period and may therefore make another timely motion for substitution.

## CONCLUSION

For the aforementioned reasons, Dorothy K. Perlow's motion to substitute herself as Plaintiff in this action (Docket No. 9) is denied with leave to renew.

**SO ORDERED.**

/S/

_____
SANDRA L. TOWNES
United States District Judge

Dated: November 10, 2010
Brooklyn, New York